**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NATHAN S. DUENAS,
     Appellant,

    v.

DEPARTMENT OF DEFENSE,
     Agency.

DOCKET NUMBER
SF-0752-18-0215-I-1

DATE: February 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul E. Carreras, Esquire, Roseville, California, for the appellant.

Christine J. Yen, Stockton, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal. On petition for review, the appellant argues that the agency failed to prove the charge of Lack of Candor because the circumstances do not reflect that he intended to deceive the agency on his 2015 Electronic Questionnaire for National Security Positions, SF-86. He reasserts his claim that the agency committed a prohibited personnel practice under 5 U.S.C. § 2302(b)

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(10). Finally, he disputes the administrative judge's weighing of the *Douglas* factors and argues that she abused her discretion when she denied several of his witnesses. *Douglas v. Veterans Administration,* 5 M.S.P.R. 280, 305-06 (1981) (providing a nonexhaustive list of factors relevant to penalty determinations and observing that the Board's review of an agency-imposed penalty is essentially to assure that the agency conscientiously considered the relevant factors and struck a responsible balance within tolerable limits of reasonableness). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED as to the reason for denying the appellant's prohibited personnel practice claim and to incorporate the Board's findings in its decision in *Singh v. U.S. Postal Service*, 2022 MSPB 15, we AFFIRM the initial decision.

The appellant alleged below and on review that the agency violated 5 U.S.C. § 2302(b)(10) by discriminating against him based on his July 2017 arrest. Petition for Review File, Tab 4 at 13; Initial Appeal File (IAF), Tab 14 at 8-9. He argued that this violated the prohibition against agency discrimination for non-performance related conduct in section 2302(b)(10). The administrative judge denied this claim because the appellant did not claim that he engaged in whistleblowing activity. IAF, Tab 19, Initial Decision (ID) at 12. This was error

because the statute does not require such allegations. Nevertheless, because we agree with the administrative judge's finding of a nexus between the appellant's misconduct and the efficiency of the service, that determination negates his section 2302(b)(10) claim. *See Middleton v. Department of Justice*, 23 M.S.P.R. 223, 228 (1984) (finding that a clear and specific finding of nexus negates a claim under 5 U.S.C. § 2302(b)(10)), *aff'd*, 776 F.2d 1060 (Fed. Cir. 1985) (Table). To the extent that the administrative judge erred in requiring the appellant to allege retaliation for whistleblowing, an adjudicatory error such as this one that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

In addressing the appellant's claim of disparate penalties, the administrative judge cited *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 15 (2010), for the proposition that an appellant alleging disparate treatment must show that there is enough similarity between both the nature of the misconduct and other relevant factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently but that the Board will not have hard and fast rules regarding the "outcome determinative" nature of those factors. ID at 17-19. In the Board's recent decision in *Singh*, 2022 MSPB 15, ¶ 14, the Board overruled *Lewis* to the extent it is contrary to *Facer v. Department of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988), in which the U.S. Court of Appeals for the Federal Circuit held that the proper inquiry is whether the agency *knowingly* treated employees "differently in a way not justified by the facts, and intentionally for reasons other than the efficiency of the service." The Board also reaffirmed the standard set forth in *Douglas*, 5 M.S.P.R. at 305, which limits similarly situated employees to those who engaged in the same or similar offenses, *Singh*, 2022 MSPB 15, ¶ 17. Specifically, the Board determined that the universe of potential comparators will vary from case to case, but it should be limited to those employees whose misconduct and/or other

circumstances closely resemble those of the appellant. *Id.*, ¶ 13. In addition, the Board reiterated that consistency of the penalty with those imposed on other employees for the same or similar offenses is only one of many factors to be considered in determining an appropriate penalty and is not necessarily outcome determinative. *Id.*, ¶ 18. For the same reasons the administrative judge found the appellant did not meet his burden under *Lewis,* ID at 18-19, we conclude he did not meet his burden under the standard set forth in *Singh.*

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.